UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OLIVER BUCHANAN,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM LEE and<br>DAVID RAUSCH,<br><br>    Defendants. | )<br>)<br>)<br>)  No. 3:22-cv-00543<br>)<br>)  JUDGE RICHARDSON<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Oliver Buchanan filed a pro se Complaint against Governor William Lee and Tennessee Bureau of Investigation Director David Rausch under 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff also filed an application to proceed as a pauper (Doc. No. 2) and a Motion to Appoint Counsel (Doc. No. 3). As a threshold matter, Plaintiff sufficiently indicates that he cannot pay the full civil filing fee in advance "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, the application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a). The case is now before the Court for initial review of the Complaint and consideration of the Motion.

## IINITIAL REVIEW OF THE COMPLAINT

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and [they] should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). However, the Court must review and dismiss any complaint filed in forma pauperis if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or

seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A. <u>LEGAL STANDARD</u>

During initial review, the Court applies the standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure, *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010), by viewing the Complaint in the light most favorable to Plaintiff and taking all well-pleaded factual allegations as true, *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). The Court then determines if Plaintiff's factual allegations "plausibly suggest an entitlement to relief," *Williams*, 631 F.3d at 383 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] formulaic recitation of the elements of a cause of action will not do," *id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)), and Plaintiff may not rely on unwarranted factual inferences or legal conclusions couched as factual allegations. *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

B. <u>FACTUAL ALLEGATIONS</u>

In 1992, Plaintiff was convicted of aggravated sexual battery in Davidson County. Tennessee. (Doc. No. 1 at 5.) In 2001, Plaintiff was released from custody and required to register as a sexual offender. *Id*. In 2004, Plaintiff became subject to the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act ("TSORA").[1] *Id.* Under the

---

[1] The TSORA, Tenn. Code Ann. §§ 40-39-201 to -218, requires an individual convicted of a qualifying offense ("Registrant") to register for inclusion in a database maintained by the Tennessee Bureau of Investigation. *Doe #11 v. Lee*, No. 3:22-cv-00338, 2022 WL 2181800, at *1 (M.D. Tenn. June 16, 2022). Under the TSORA, a Registrant is subject to a number of requirements, including a prohibition from residing or working within 1,000 feet of many common facilities where children are likely to be present.

TSORA, Plaintiff was classified as a "violent sexual offender"; made to satisfy stringent registration and reporting requirements; and severely limited in where he can live, work, and travel. *Id*. Plaintiff has been prosecuted and incarcerated "multiple times" for TSORA violations. *Id*.

C. ANALYSIS

The Complaint brings an official-capacity claim for prospective injunctive relief against Defendants under 42 U.S.C. § 1983.[2] Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014). Here, Plaintiff brings a federal constitutional challenge to the TSORA under the Ex Post Facto Clause of the United States Constitution.[3] (Doc. No. 1 at 5.)

---

Tenn. Code Ann. § 40-39-211(a). The Registrant must also report in person to a designated law enforcement agency at prescribed intervals, *Id*. § 40-39-204(b), (c), including within forty-eight hours of certain triggering events, such as a change of residence or employment, *id*. § 40-39-203(a). And the Registrant's status as a sexual offender, along with a laundry list of information about the individual, is made publicly available. *Id*. § 40-39-206(d). A violation of the TSORA's requirements is a Class E felony. *Id*. §§ 40-39-208(b), 40-39-211(f).

[2] Applying the "course of proceedings" test, *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003), the Court concludes that the Complaint – which makes no allegations about Defendants and does not seek compensatory damages – is directed at Defendants solely in their official capacities. Tennessee's sovereign immunity does not provide a shield from official-capacity claims for prospective injunctive relief, *Ernst v. Rising*, 427 F.3d 351, 358-59 (citing *Ex Parte Young*, 209 U.S. 123, 155-56 (1908)), and the Governor and TBI Director are appropriate defendants to TSORA-based claims for prospective injunctive relief. *See Doe v. Haslam*, Nos. 3:16-cv-02862, 3:17-cv-264, 2017 WL 5187117, at *9-10 (M.D. Tenn. Nov. 9, 2017).

[3] Constitutional challenges to statutes are often categorized as either "facial" or "as-applied." A "facial" challenge to a law's constitutionality has been described as "an effort to invalidate the law in each of its applications, to take the law off the books completely." *Green Party of Tenn. v. Hargett*, 791 F.3d 684, 691 (6th Cir. 2015) (quoting *Speet v. Schuette*, 726 F.3d 867, 871 (6th Cir. 2013)). To prevail on a "facial" challenge, a plaintiff must establish that "no set of circumstances exist under which the statute would be

The Constitution provides that "No State shall . . . pass any . . . ex post facto Law." U.S. Const. art. I § 10, cl. 1. Put simply, this restriction bars "retroactive punishment." *Does v. Snyder*, 834 F.3d 696, 699 (6th Cir. 2016); *United States v. Kruger*, 838 F.3d 786, 790 (6th Cir. 2016). An ex post facto law has two features. First, it must be retroactive—that is, "it must apply to events occurring before its enactment." *Lynce v. Mathis*, 519 U.S. 433, 441 (1997) (quoting *Weaver v. Graham*, 450 U.S. 24, 29 (1981)). Because the ex post facto prohibition is centrally concerned with fair notice, *see id.*, the relevant date for purposes of determining retroactivity is the date the offense was committed, not (for example) the date of conviction or sentencing. *Doe v. Bredesen*, 507 F.3d 998, 1003 (6th Cir. 2007). Second, to be properly characterized as an ex post facto law, the must be punitive (as opposed to civil): "the Constitution's ban on Ex Post Facto laws does not

---

valid." *Id.* (brackets omitted) (quoting *Speet*, 726 F.3d at 872). An "as-applied" challenge, by contrast, "argues that a law is unconstitutional as enforced against the plaintiffs before the court." *Id.* (quoting *Speet*, 726 F.3d at 872); *see also Ayotte v. Planned Parenthood of N. New England*, 546 U.S. 320, 329 (2006) ("It is axiomatic that a 'statute may be invalid as applied to one state of facts and yet valid as applied to another.'") (quoting *Dahnke-Walker Milling Co. v. Bondurant*, 257 U.S. 282, 289 (1921)). "The major significance of the facial/as-applied distinction is that a facial challenge, if successful, will generally result in a much broader remedy and, consequently, requires a greater showing." *Doe #11*, 2022 WL 2181800, at *8 (citing *Bucklew v. Precythe*, ––– U.S. –––, 139 S. Ct. 1112, 1127 (2019)). As this Court has explained, however:

> Ex post facto claims are something of an awkward fit within the facial/as-applied dichotomy. In one sense, an ex post facto challenge can never truly be a facial challenge to the law at issue; because only retroactive applications are prohibited, even a punitive statute will never violate the Ex Post Facto Clause as applied prospectively. That is, an ex post facto challenge can never "invalidate the law in each [i.e., all] of its applications," *Green Party of Tenn.*, 791 F.3d at 691, because (by definition) the Ex Post Facto Clause does not reach prospective applications. In another sense, however, ex post facto challenges do resemble facial challenges. That is because the second element of an ex post facto claim—whether the challenged law is punitive—must be determined based on the face of the statute. *Seling v. Young*, 531 U.S. 250, 267 (2001).

*Doe #11*, 2022 WL 2181800, at *9. This Court has therefore recognized that the protections of the Ex Post Facto Clause "do not depend on 'the effect that a challenged law has on a single individual,' but rather the punitive nature of the 'statute on its face.'" *Id.* (quoting *Does #1–9*, ––– F. Supp. 3d at –––, 2021 WL 5761039, at *3. "As a result, the application of the Ex Post Facto Clause to a given situation can typically be ascertained simply by identifying the law at issue, placing the law in context, and piecing together the chronology of the law's adoption and the underlying criminal offense—without the need for a deep dive into any individual offender's circumstances." *Id.*

bar all retroactive lawmaking, but only retroactive punishment." *Doe #11*, 2022 WL 2181800, at *9 (quoting *Does #1-5 v. Snyder*, 834 F.3d 696, 699 (6th. Cir. 2016)).

Here, Plaintiff alleges that he was placed on Tennessee's sex offender registry for a conviction that occurred twelve years before the TSORA became law. He further alleges that the TSORA is an ongoing imposition of increased punishment that has "severely" affected his quality of life (e.g., stringent reporting requirements and restrictions that limit Plaintiff's ability to live, work, and travel). *Id*. Finally, Plaintiff's allegation that he has been actively prosecuted under the TSORA plausibly suggests that state officials refuse to remove him from the registry. In other words, Plaintiff has alleged that (1) TSORA provisions relevant to Plaintiff are retroactive, and (2) those provisions are being applied to Plaintiff based on Plaintiff's offense conduct that occurred before the law's enactment. Plaintiff has therefore stated a colorable Section 1983 claim under the Ex Post Facto Clause. *See, e.g., Doe #11*, 2022 WL 2181800, at *25 (concluding that "Plaintiff is likely to show that [TSORA] is punitive on its face, and thus is likely to prevail in his ex post facto challenge"). *Brown v. Lee*, No. 3:20-cv-00916, 2020 WL 7864252, at *8 (M.D. Tenn. Dec. 30, 2020) (concluding plaintiff "plausibly alleged that his placement on the [TSORA registry] violates the Ex Post Facto Clause"); *Haslam*, 2017 WL 5187117, at *13-14 (denying motion to dismiss as-applied Ex Post Facto Clause constitutional challenges to the TSORA).

## MOTION TO APPOINT COUNSEL

Plaintiff has filed a Motion to Appoint Counsel relying on indigence. (Doc. No. 3.) An indigent plaintiff in a civil action, unlike a criminal defendant, has no constitutional right to the appointment of counsel; rather, the appointment of counsel in such cases is a privilege "justified only in exceptional circumstances." *Miles v. Michigan Dep't of Corr.*, No. 19-2218, 2020 WL 6121438, at *4 (6th Cir. Aug. 20, 2020) (citing *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir.

2003); *Lavado v. Keohane*, 992 F.2d 601, 606–07 (6th Cir. 1993)). Plaintiff's indigence alone, therefore, is not an exceptional circumstance. Nor, at this time, does Plaintiff's GED-level education necessitate appointment of counsel; Plaintiff has adequately presented the Complaint, and the issues in this case are not overly complex. Because there are no exceptional circumstances and it does not yet appear that the assistance of counsel is necessary for the litigation of this action, "the appointment of counsel is not warranted" at this time. *Miles*, 2020 WL 6121438, at *4. Accordingly, the Motion to Appoint Counsel (Doc. No. 3) is **DENIED WITHOUT PREJUDICE** to renewal by Plaintiff in the future if he can better explain why exceptional circumstances justify the appointment of counsel.

## CONCLUSION

For these reasons, the Court concludes that Plaintiff has stated a colorable official-capacity ex post facto challenge to the TSORA under Section 1983. The Court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude Defendants from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

The Court will direct the U.S. Marshals Service to serve the Complaint on Defendants William Lee and David Rausch at no cost to Plaintiff. However, in order for the U.S. Marshals Service to serve Defendants, Plaintiff must complete and return two forms: "Process Receipt and Return" (AO 285) and "Summons in a Civil Action" (AO 440). These forms are together referred to as a "service packet." The Clerk is **DIRECTED** to send Plaintiff two service packets. Plaintiff **MUST** complete one service packet for each of William Lee and David Rausch, and then return the two completed service packets to the Clerk's Office within **21 DAYS** of the date this Order is

entered on the docket.[4] Upon return of the completed service packets, **PROCESS SHALL ISSUE**. Plaintiff is warned that failure to return the completed service packets within the required time period could jeopardize his prosecution of this action.

This action is **REFERRED** to the Magistrate Judge to oversee service of process, enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72 of the Federal Rules of Civil Procedure and the Local Rules of Court. Plaintiff must keep the Court informed of his current address at all times or face dismissal of this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b); Local Rule 41.01(b). Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the Court's website. *See* https://www.tnmd.uscourts.gov/representing-yourself-federal-court.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[4] The Court's new address is: U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203. *See* www.tnmd.uscourts.gov.