IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| OLIVER BUCHANAN )<br>    **Plaintiff,** )<br>v. )<br>)<br>WILLIAM LEE AND DAVID RAUSCH, )<br>    **Defendants.** ) | Civil Action No. 3:22-cv-543<br>Judge Richardson/Frensley |

### REPORT AND RECOMMENDATION

By Order August 2, 2022 (Docket No. 5), the Court referred this pro se civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Oliver Buchanan ("Plaintiff") filed this pro se Complaint against Governor William Lee and Tennessee Bureau of Investigation Director David Rausch under 42 U. S. C. § 1983. Docket No. 1. Plaintiff's action challenges the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act ("TSORA"). *Id.* Plaintiff brings a federal constitution challenges to the TSORA under the ex post facto clause of the United States Constitution alleging that he was placed on the Tennessee Sex Offender Registry for a conviction that occurred many years before the TSORA became law. *Id.* He further alleges that the Act is an ongoing imposition of increased punishment and that he has been actively prosecuted under the TSORA. *Id.* Upon initial review, the Court found that Plaintiff stated a colorable §1983 claim under the ex post facto clause. Docket No. 5.

Pursuant to the August 2, 2022, Order, the Clerk mailed Plaintiff two service packets which he was to complete and return to the clerk's office within 21 days of the date of the Order so that process could issue in this case. Plaintiff was forewarned that failure to return the completed service packets within the required time period could jeopardize his prosecution of this case. *Id.*

To date, the Plaintiff has not returned the completed service packets or otherwise made any type of response to the August 2, 2022 Order. The docket for the case indicates that Plaintiff has had no contact with the Court or made any filings since filing the Complaint in this matter on July 19, 2022. Docket No. 1.

Rule 4(m) requires that the defendants be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Because the Defendants in this case have not been served with process within the time period set out in Rule 4(m), this action should be dismissed.

It is also well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Plaintiff's failure to return the service packets to the clerk for service as directed or to otherwise take any activity in the case for over seven (7) months indicates that he has lost interest in prosecuting his case.

For the reasons set forth herein, the Court respectfully recommends this action be **DISMISSED WITHOUT PREJUDICE** in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.[1]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen-day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed.

Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**